# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **STERLING HENRY GIVENS, JR.,** | ) | CASE NO. 7:20CV00659 |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN STREEVAL,** | ) | By:  Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Respondent.** | ) | |

Sterling Henry Givens, Jr., a federal inmate, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Givens asserts that he is being held unconstitutionally under a conviction for carrying a firearm related to a crime of violence in violation of 18 U.S.C. § 924(c).  Givens argues that his § 924(c) conviction and sentence are invalid because the conviction is based on a predicate offense that no longer qualifies as a crime of violence, in light of United States v. Davis, 139 S. Ct. 2319 (2019).  Upon review of the record, the court concludes that it lacks jurisdiction over the § 2241 petition.

I.

Givens is currently confined at the United States Penitentiary Lee County, located in this judicial district.  Pursuant to a judgment entered in Case No. 6:07-CR-20052-03 in the United States District Court for the Western District of Louisiana, Givens stands convicted of one count of attempted interference with commerce by robbery in violation of 18 U.S.C. § 1951, also known as Hobbs Act robbery, and possession and carrying of a firearm during and in relation to a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  Attached to the plea agreement is a "STIPULATED FACTUAL BASIS FOR THE GUILTY PLEA," ECF No. 289-2, which states, in part: "The defendant admits that he participated in the home invasion, that he carried a semiautomatic pistol, and that [he and his codefendants] were seeking to take

possession of controlled substances that they intended to sell." On September 15, 2009, the Court sentenced Givens to terms of 78 months on the robbery offense and 240 months on the § 924(c) offense, with the sentences to run consecutively. Givens filed his first § 2255 motion in 2010, raising a jurisdictional claim. The Court rejected his claim and denied the § 2255 motion with prejudice. Givens filed a second § 2255 motion in October 2015, alleging ineffective assistance of counsel, prosecutorial misconduct, and other claims. The Court found this § 2255 motion to be successive and ordered it transferred to the United States Court of Appeals for the Fifth Circuit for consideration of certification to file a second § 2255 motion. See 28 U.S.C. § 2255(h). The record does not indicate that certification was granted.

In October 2020, the district court addressed two miscellaneous motions from Givens, collaterally attacking the criminal judgment. In one motion, he sought to obtain reconsideration of his § 924(c) conviction and sentence in light of Davis. The Court denied and dismissed this motion for lack of jurisdiction, reminding Givens that such claims arose under § 2255 and could be raised only after obtaining certification from the Fifth Circuit to pursue a second or successive § 2255 motion. See United States v. Givens, No. 6:07-CR-20052-03, 2020 WL 6060949, at *3 (W.D. La. Oct. 14, 2020).

In November 2020, Givens filed this § 2241 petition challenging his § 924(c) conviction and sentence for possessing and carrying a firearm during and in relation to a crime of violence. The crime of violence at issue is the attempted Hobbs Act robbery offense under 18 U.S.C. § 1951.

Section 924(c) provides for an additional, consecutive prison term for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance

of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). When Givens was sentenced, § 924(c) defined the phrase "crime of violence" as:

> For purposes of this subsection the term crime of violence means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is commonly known as the "force" clause and subsection (B) is referred to as the "residual" clause. United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019). In June 2019, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019), holding that § 924(c)(3)(B) was unconstitutionally vague. Givens asserts that under the rule in Davis, his attempted Hobbs Act robbery offense no longer qualifies as a crime of violence and that his conviction and sentence for the § 924(c) count must be vacated accordingly.

II.

A federal prisoner bringing a claim for relief from an allegedly illegal conviction or sentence must normally do so in a § 2255 motion in the sentencing court. Section 2255(e) provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000); see also Cradle v. United States, 290 F.3d 536, 538–39 (3d Cir. 2002) ("It is the inefficacy of the

remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").[1]

Several circuit courts of appeals, including the Fourth Circuit, have held that the last phrase in § 2255(e), known as the savings clause, is jurisdictional. Wheeler, 886 F.3d at 424–25 (citing Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in exceptional circumstances." Id. at 425. In this circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429; see also Jones, 226 F.3d at 333–34 (setting forth similar factors for challenges to convictions).[2] Thus, unless Givens demonstrates that he can satisfy the Wheeler

---

[1] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

[2] Under Jones,

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333–34.

and/or Jones tests so that the savings clause applies to permit a challenge to his § 924(c) conviction and/or sentence in a § 2241 petition, this court has no "power to act" on his § 2241 claims. Wheeler, 886 F.3d at 425; see also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited.").

Givens cannot proceed with his § 2241 claim under the savings clause, because he cannot meet a key factor of Wheeler or Jones. As the sentencing court has already advised Givens, his claim under Davis could be raised in a § 2255 motion in that court, provided that Givens first obtains certification from the Fifth Circuit to pursue a successive § 2255 motion raising such a claim. Indeed, the Fifth Circuit has held that Davis applies retroactively to cases on collateral review and might grant Givens certification to pursue a Davis claim in a successive § 2255 motion, if he so requested. United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019) (finding that Davis announced new rule of constitutional law retroactively applicable to § 2255 motion). The possibility that Givens' Davis claim under § 2255 might now be barred as successive or untimely filed if raised in a second § 2255 motion does not authorize him to pursue the claim instead in a § 2241 petition through the narrow window of the savings clause. Jones, 226 F.3d at 333.

Because Givens cannot satisfy all the Wheeler or Jones conditions to challenge his conviction and sentence by way of the savings clause, the court lacks jurisdiction over his claims. See Ponder v. United States, 800 F. App'x 181, 184 (4th Cir. 2020) (unpublished) (affirming dismissal of § 2241 petition where petitioner could have obtained, but had not sought, certification from court of appeals to pursue second § 2255 motion challenging his § 924(c) conviction and sentence); Cook v. Warden, USP Lee County, No. 7:18CV00311, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019) (noting that all four Wheeler requirements must be satisfied, and petitioner

could not satisfy one of the four); see also Swindle v. Hudgins, No. 5:19-CV-300, 2020 WL 469660, at *3 (N.D. W. Va. Jan. 29, 2020) ("Consequently, because petitioner attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction.").

For the reasons stated, this court is constrained to conclude that Givens cannot proceed with his claims under § 2241 because the court lacks jurisdiction over the petition. Therefore, the court will summarily dismiss the petition without prejudice.[3] An appropriate order will enter herewith. The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER**: This  15th  day of December, 2020.

                                                         /s/ Glen Conrad
Senior United States District Judge

---

[3] The court declines to construe and transfer the petition as a motion to vacate under § 2255, because Givens requires leave from the Fifth Circuit to bring such motion. See 28 U.S.C. § 2255(h).